# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | Chapter 11 |
| : | |
| DAVID J. FIORI d/b/a : | Case No. 09-10960(SR) |
| INTEGRATED ELECTRONIC : | |
| TECHNOLOGIES : | |
| : | |
| Debtor. : | |

## SECOND AMENDED STIPULATION AND ORDER
## TO EXTEND OBJECTION DEADLINES RE:
## EXEMPTIONS AND DISCHARGEABILITY OF DEBTS

This Second Amended Stipulation and Order (the "Stipulation") is entered into between David J. Fiori d/b/a Integrated Electronic Technologies (the "Debtor") and Precision Interface Electronics, Inc. ("PIE") as of this 10th day of August, 2009.

WHEREAS, on February 12, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended, (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court");

WHEREAS, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor remains in possession of his property and control of his business as a debtor-in-possession;

WHEREAS, PIE is a creditor of the Debtor's estate and a party in interest in the above-captioned proceeding;

WHEREAS, pursuant to Rule 4003(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), a party in interest may file an objection to the list of property claimed as exempt within thirty (30) days after the meeting of creditors held under section 341(a) is concluded or within thirty (30) days after any amendment to the list or supplemental schedules is filed, whichever is later (the "Exemption Objection Deadline");

WHEREAS, on or about April 7, 2009, the Debtor filed an amended Schedule C extending the Exemption Objection Deadline to May 7, 2009, which deadline was further extended by the Debtor for PIE through and including May 11, 2009, pending the filing of the within Stipulation;

WHEREAS, according to the Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors & Deadlines (the "341 Notice") entered in the Debtor's case, the last day to file a complaint to determine dischargeability of certain debts (the "Dischargeability Objection Deadline") was May 10, 2009, extended to May 11, 2009 by operation of Bankruptcy Rule 9006(a);

WHEREAS, the parties agreed to the informal exchange of documents, including but not limited to PIE's request for copies of the Debtor's bank records dating back to February 2007 and all records of the Debtor's expenditures since February 2007 (collectively, the "Bank Records");

WHEREAS, to facilitate the informal exchange of documents and to provide PIE with an reasonable opportunity and ability to review the Debtor's Bank Records, the Debtor agreed to extend the Exemption Objection Deadline and Dischargeability Objection Deadline (collectively, the "Objection Deadlines") to PIE through and including August 10, 2009;

WHEREAS, to memorialize their agreement to extend the Objection Deadlines to August 10, 2009, the parties executed and filed an Amended Stipulation and Order to Extend Objection Deadlines Re: Exemptions and Dischargeability of Debts, which stipulation was approved by the Bankruptcy Court on June 30, 2009;

WHEREAS, the parties have agreed to further extend the Objection Deadlines for an additional forty-five (45) days or through and including September 24, 2009 to facilitate the informal exchange of documents described above;

WHEREAS, during the stipulated extension period, PIE has agreed not to seek the examination of the Debtor pursuant to Bankruptcy Rule 2004, but reserves its right to engage in formal discovery in any subsequent adversary proceeding and/or contested matter commenced in these proceedings;

NOW, THEREFORE, the parties hereto, intending to be legally bound, but subject to the approval of the Court as set forth herein, hereby stipulate and agree as follows:

1. Each of the recitals set forth above is incorporated herein by reference.

2. The Exemption Objection Deadline in the above-captioned proceeding for PIE is hereby extended through and including September 24, 2009.

3. The Dischargeability Objection Deadline in the above-captioned proceeding for PIE is hereby extended through and including September 24, 2009.

4. This Stipulation is without prejudice to the right of PIE to seek a further extension of the objection deadlines, whether by consent or by motion, and the Debtor reserves all rights to oppose any such further extension.

5. Notwithstanding anything to the contrary, the Stipulation does not extend the Objection Deadlines to any other creditor or party-in-interest in this case.

6. The Debtor shall deliver the Bank Documents to PIE on or before Monday, August 17, 2009.

7. This Stipulation constitutes the entire agreement and understanding between the parties with respect to the subject matter hereof and supersedes all prior agreements. It is acknowledged that each party has participated in the drafting of this Stipulation, and that any claimed ambiguity should not be construed for or against either party on account of such drafting. This Stipulation may not be changed, amended, modified, or altered except by written

agreement signed by each of the parties. It is the intention of the parties that this Stipulation shall be final and complete, regardless of the adequacy or inadequacy of consideration.

8. Upon Court approval hereof, this Stipulation shall inure to the benefit of and be binding upon the parties hereto and their respective successors and assigns.

9. This Stipulation shall be governed by and construed and enforced in accordance with the bankruptcy laws of the United States and the laws of the Commonwealth of Pennsylvania, without regard to choice of law principles.

10. This Stipulation may be executed in counterpart, and/or by telecopy, each of which shall be an original, with the same effect as if the signatures thereto were on the same instrument, and such counterparts shall be construed together as one instrument.

IN WITNESS WHEREOF, this Stipulation has been duly executed on behalf of each of the parties as of the date first written above.

| OBERMAYER REBMAN MAXWELL & HIPPEL LLP | SMITH GIACOMETTI, LLC |
|---|---|
| By: /s/ Michael D. Vagnoni<br>Michael D. Vagnoni, Esquire<br>One Penn Center, Suite 1900<br>1617 JFK Boulevard<br>Philadelphia, PA  19103<br>Telephone: (215) 665-3066<br>Facsimile: (215) 665-3165 | By: /s/ Robert M. Greenbaum<br>Robert M. Greenbaum, Esquire<br>270 West Lancaster Avenue<br>Building I<br>Malvern, PA 19255<br>Telephone: (215) 496-1910<br>Facsmilie: (215) 496-1915 |
| Attorneys for David J. Fiori d/b/a Integrated Electronic Technologies | Attorneys for Precision Interface Electronics, Inc. |

APPROVED AND SO ORDERED
this __13TH__ day of __AUG__, 2009

BY THE COURT:

_____
Stephen Raslavich
Chief United States Bankruptcy Judge
for the Eastern District of Pennsylvania